United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD STEVENS LIBERATORE,<br>Plaintiff,<br>v.<br>STATE OF CALIFORNIA, et al.,<br>Defendants. | Case No. 17-cv-03270 NC (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses the amended complaint.

## DISCUSSION

A. <u>Standard of review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal claims

In Plaintiff's original complaint, the Court could not determine what Plaintiff's allegations were. The Court dismissed the complaint with leave to amend; directed Plaintiff to identify specific Defendants and link each Defendant to each claim; provided the elements of a deliberate indifference to serious medical needs claim; and warned Plaintiff that his amended complaint must comply with Federal Rules of Civil Procedure 18 and 20.

Plaintiff has filed an amended complaint. A review of the complaint shows that Plaintiff has not cured any of the deficiencies about which the Court warned him, and the amended complaint still fails to state a cognizable claim for relief. The Court finds that further leave to amend would be futile. For these reasons, Plaintiff's complaint is DISMISSED.

**CONCLUSION**

Plaintiff's amended complaint is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  October 13, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-03270 NC (PR)
ORDER OF DISMISSAL

2